BARBARA (KITE) MILLER v. DENNIS SHERMAN KITE

No. 8328DC497

(Filed 17 July 1984)

Divorce and Alimony § 23.4— child support—father in Japan—contacts with North
  Carolina—in personam jurisdiction
    The trial court in a child support case properly exercised in personam
  jurisdiction over defendant father who had never lived in N. C. but resided in
  Japan, since defendant's child, whom he was obliged to support, lived in this
  state for nine years; during that time defendant sent child support payments
  each month to plaintiff in N. C. and visited the child in this state numerous
  times; the child attended public schools and otherwise enjoyed the benefit and
  protection of N. C. laws for nine years; and it could be concluded from defend-
  ant's behavior that the child's presence in the state, activities, schooling and
  protection under N. C. laws were entirely with his consent.

APPEAL by defendant from *Styles, Judge*. Order entered 15 February 1983 in District Court, BUNCOMBE County. Heard in the Court of Appeals 14 March 1984.

In 1972 plaintiff and defendant were divorced in Illinois. Custody and support for their minor child was not raised in that proceeding, since prior thereto by a separation agreement the parties had agreed that plaintiff would have custody and defend-

ant would pay $300 a month for its support. Shortly after the divorce plaintiff and the child moved from Illinois to North Carolina and resided in this state continuously until this action was filed. Defendant, an officer of a multinational banking corporation, remained in Illinois until 1977, but since then has lived for varying periods in Texas, California, and Japan.

This action for child support was filed in the District Court of Buncombe County on 8 April 1982. Summons and complaint were mailed to defendant in Texas via registered mail and the post office returned the signed receipt, indicating delivery was made to defendant on 12 April 1982. Plaintiff's counsel subsequently received a letter from a Texas lawyer stating that the summons and complaint were not signed for by defendant and that defendant was no longer in the United States. Another copy of the summons and complaint was mailed in the same manner to defendant at his business address in Tokyo, Japan, and the return receipt again indicated that the mailing was properly delivered to defendant. Plaintiff's attorney then had an alias and pluries summons issued, which was sent by registered mail to defendant's Tokyo address, along with a third copy of the complaint. The return receipt again indicated delivery to defendant.

On 2 July 1982 the cause came on for hearing, but defendant did not appear and was not represented. The hearing proceeded and at the conclusion thereof, upon findings and conclusions that both the child's expenses and defendant's earnings had greatly increased since the agreement to pay $300 a month was made, an order was entered directing defendant to pay child support in the amount of $800 a month and attorney's fees.

On 20 October 1982, following the filing of a notice of limited appearance, defendant's attorney moved, pursuant to the provisions of Rule 60 of the N.C. Rules of Civil Procedure, to set aside the 2 July order on the ground that the court did not have personal jurisdiction over defendant. In support thereof defendant filed affidavits which tend to show that he has never resided in North Carolina, and his only contacts with this state have been various visits to see his daughter between 1973 and 1982 and the support payments sent every month during the same period. In denying defendant's motion, the court found that defendant was

properly served with process and the court had jurisdiction over him.

*Riddle, Shackelford & Hyler, by George B. Hyler, Jr., for plaintiff appellee.*

*Pitts, Hugenschmidt, Krause & Davis, by Sara H. Davis, for defendant appellant.*

PHILLIPS, Judge.

Defendant's contention that he has not been properly served with process requires no discussion. The record shows that he was properly served three times. Thus, we proceed to the main question presented by the defendant's appeal—whether the District Court of Buncombe County has *in personam* jurisdiction over him. The first step in the two-step process required in matters of this kind, *Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 231 S.E. 2d 629 (1977), is to determine whether the exercise of personal jurisdiction over the defendant in this instance is authorized by any North Carolina statute. Our Long Arm Statute is quite comprehensive and has been construed by this Court and our Supreme Court on numerous occasions to authorize our courts to exercise jurisdiction over non-residents on the widest basis consistent within the limits of due process of law. The portions thereof pertinent to this case are as follows:

§ 1-75.4 Personal jurisdiction, grounds for generally.

A court of this State having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to Rule 4(j) or Rule 4(j1) of the Rules of Civil Procedure under any of the following circumstances:

. . . .

(2) Special Jurisdiction Statutes.—In any action which may be brought under statutes of this State that specifically confer grounds for personal jurisdiction.

G.S. 50-13.5(c) provides:

Jurisdiction in Actions or Proceedings for Child Support and Child Custody.—

(1) The jurisdiction of the courts of this State to enter orders providing for the support of a minor child shall be as in actions or proceedings for the payment of money or the transfer of property.

Quite plainly, these two statutes read together provide the statutory basis for the exercise of *in personam* jurisdiction over the defendant for the support of his minor child, which he is legally required to do under G.S. 50-13.4(b).

The second determination required is whether, under the circumstances recorded, the exercise of the statutory jurisdiction violates constitutional due process of law. As defendant correctly contends, the Supreme Court of the United States has held that a non-resident must have certain "minimum contacts" with the forum state before *in personam* jurisdiction can be exercised over him and that the exercise of such jurisdiction must not offend traditional notions of fair play and substantial justice implicit in constitutional due process. *International Shoe Company v. Washington*, 326 U.S. 310, 90 L.Ed. 95, 66 S.Ct. 154 (1945). Defendant's contacts with this state are as follows: For nine years his daughter, whom he is obliged to support, has lived here; during that time defendant sent payments for her support here every month and visited her here on numerous occasions; and his daughter has attended our public schools and otherwise enjoyed the benefit and protection of our laws for nine years. Since defendant provided no home for the child, formally agreed that she could live with her mother, who chose to live here, children everywhere in this country are required to attend school, and defendant had seen on numerous occasions what her situation here was, it must be concluded that the child's activities, presence, schooling and protection under our laws was entirely with his consent. Under the circumstances there is nothing unfair about adjudicating this child's needs from the defendant in our courts, and the order appealed from is affirmed.

*Kulko v. California Superior Court*, 436 U.S. 84, 56 L.Ed. 2d 132, 98 S.Ct. 1690 (1978), relied upon by defendant, has no application to this case in our opinion. There the parties, residents of New York, entered into a separation agreement giving the father, who remained in New York, custody of their two children, with the understanding that they would spend the summers with the

mother, who had moved to California. A year later the youngest child, then twelve years old, decided to live with her mother in California and two years later the oldest child, then fifteen, did likewise. The mother thereafter sued the father for their support in the California courts; but it was held that the California court had no *in personam* jurisdiction over the non-resident defendant father. That father's situation was quite different from this defendant's. The few contacts that he had with California were all imposed on him by the decisions of others. He had legal custody of the children in New York, provided a home for them there, merely acquiesced for the sake of family harmony when the children decided to go to California, and did not visit them. Under those circumstances the court was of the opinion that it would be unfair to require the defendant to answer for the children's needs in California. Under the circumstances that exist in this case, however, we think it would be unfair for the needs of the child of him to be adjudicated elsewhere than North Carolina. Certainly, defendant cannot rightfully expect such an adjudication to be made in Japan or wherever else he happens to be and can be found.

Affirmed.

Chief Judge VAUGHN and Judge WHICHARD concur.